# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Case Nos. CR-04-172-F |
| ) | CIV-20-789-F |
| BRITT JARRIEL HAMMONS, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the court is defendant, Britt Jarriel Hammons' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. Doc. no. 82. Upon review, the court finds no response from plaintiff, United States of America, is required.

I.

With his motion, defendant is seeking to be placed on home confinement for the remainder of his sentence. Doc. no. 82, pp. 4, 5, 6, 8 and 12. Although defendant seeks his relief pursuant to § 2255, that statute does not authorize such relief. Section 2255 permits a court to vacate, set aside, or correct a sentence on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Defendant does not challenge the constitutionality, duration or legality of his sentence. Instead, he seeks to change the location of his confinement. This relief is not available under § 2255.

Even if the requested relief were available under § 2255, the court is without jurisdiction to consider defendant's motion. Defendant has previously sought relief

under § 2255, which was denied by the court. Doc. nos. 54 and 55. The court's decision was affirmed on appeal and the Supreme Court denied defendant's petition for writ of certiorari. Doc. nos. 64, 65 and 69. Defendant may not file a second or successive § 2255 motion, unless he first obtains an order from the circuit court authorizing the court to consider the motion. *See*, 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). The record does not reflect that defendant has obtained an order from the Tenth Circuit authorizing him to file the present motion.[1] In the absence of the Tenth Circuit's authorization, this court lacks jurisdiction to address the merits of defendant's motion. *See*, In re Cline, 531 F.3d 1249, 1251 (10th Cir. 2008). Further, the court declines to automatically transfer defendant's motion to the Tenth Circuit under 28 U.S.C. § 1631 to obtain the required authorization because defendant cannot meet the requirements of 28 U.S.C. § 2255(h).

II.

The Bureau of Prisons designates the place of a prisoner's imprisonment. *See*, 18 U.S.C. § 3621(b). This court does not have power to dictate prisoner placements to the Bureau of Prisons. *See*, United States v. Cosby, 180 Fed. Appx. 13 (10th Cir. 2006) (unpublished decision cited as persuasive under 10th Cir. R. 32.1(A)). While the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281, at 516 (enacted March 27, 2020), gives the Bureau of Prisons broad discretion to expand the use of home confinement during the present pandemic, the court does not have authority to order home confinement under it. *See*, United States v. Read-Forbes, No. 12-20099-01-KHV, 2020 WL 1888856, at * 5 (D. Kan. Apr. 16, 2020) (citing United States v. Engleson, No. 13-cr-340-3 (RJS), 2020 WL 1821797, at *1 (S.D.N.Y. Apr. 10,

---

[1] Defendant is aware that he must seek permission from the Tenth Circuit to file a second or successive § 2255 motion. On two previous occasions, defendant sought authorization to file a second or successive § 2255 motion, which the Tenth Circuit denied. Doc. nos. 75 and 77.

2020)); *see also*, United States v. Nash, No. 19-40022-01-DDC, 2020 WL 1974305, at *2 (D. Kan. Apr. 24, 2020) ("The CARES Act authorizes the BOP—not courts—to expand the use of home confinement."). Further, even if defendant were eligible, the court has no authority under 34 U.S.C. § 60541 to grant defendant release to home confinement. *See*, Marshall v. Hudson, 807 Fed. Appx. 743, 747-748 (10th Cir. 2020) ("Congress has vested the executive branch, not the judicial branch, with the final say on whether to include certain prisoners [in the home confinement program].") (unpublished decision cited as persuasive pursuant to 10th Cir. R. 32.1(A)).[2]

III.

Under Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." In order to obtain a certificate of appealability, defendant must show both "that jurists of reason would find it debatable whether the [motion] states a valid claim and that jurists of reason would find it debatable whether the district court was correct in its procedural

---

[2] The First Step Act, effective December 18, 2018, amended 18 U.S.C. § 3582(c) to authorize a defendant to move the sentencing court for a reduction in sentence for "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i); see, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, at 5239. Prior to the Act, only the Director of the Bureau of Prisons was authorized to bring such a motion. However, a defendant is only authorized to bring a motion for sentence reduction for "extraordinary and compelling reasons" after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id*. This court, like a number of district courts, has determined that the exhaustion and 30-day requirement is jurisdictional, and the court may not waive compliance by a defendant seeking compassionate release–even under the exigent circumstances presented by COVID 19. *See*, United States v. Heffel, No. CR-16-174-F, Order filed April 24, 2020 (doc. no. 42) (citing cases). Defendant does not indicate in his motion that he is seeking a reduction in his sentence for "extraordinary and compelling reasons." However, even if he were seeking compassionate release, defendant has failed to show that he has complied with the exhaustion or 30-day requirement. Therefore, the court would be without authority to grant defendant a reduction in his sentence under § 3582(c)(1)(A)(i).

3

ruling." U.S. v. Baker, 718 F.3d 1204, 1206 (10th Cir. 2013) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

After considering the record, the court concludes that defendant has failed to make the required showing. The court therefore finds that a certificate of appealability should be denied.

IV.

Based upon the foregoing, defendant, Britt Jarriel Hammons' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (doc. no. 82) is **DISMISSED** for lack of jurisdiction. A certificate of appealability is **DENIED**.

DATED this 14th day of August, 2020.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

04-0172p017.docx