# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Case Nos. CR-04-172-F |
| ) | |
| BRITT JARRIEL HAMMONS, ) | |
| ) | |
| Defendant. ) | |

## ORDER

On March 10, 2022, the court entered an order denying defendant Britt Jarriel Hammons' *pro se* Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release) to the extent it sought a reduction of sentence or compassionate release based upon the present pandemic, medical conditions, and current housing.  The court dismissed the motion to the extent it sought a reduction of sentence or compassionate release based on Mr. Hammons' need to care for his mother.

On April 28, 2022, defendant filed a "Habeas Corpus for Writ of Mandamus." *See*, doc. no. 114.  Mr. Hammons requests the court to issue an order reducing his sentence to supervised release.  According to Mr. Hammons, the court erred by not allowing him to reply to the government's response to his motion for sentence reduction before issuing its March 10th order and erred by denying his motion for sentence reduction.

Prior to his mandamus filing, Mr. Hammons filed a notice of appeal relating to the court's order.  Generally, the notice of appeal divests the district court of jurisdiction over issues on appeal.  *See*, United States v. Battles, 745 F.3d 436, 448

(10th Cir. 2014). However, Rule 37 of the Federal Rules of Criminal Procedure provides:

> If a *timely* motion is made for relief that the [district] court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
>
> (1) defer considering the motion;
>
> (2) deny the motion; or
>
> (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

Rule 37(a), Fed. R. Crim. P. (emphasis added).

Mr. Hammons' mandamus filing is essentially a motion to reconsider the court's March 10th order. The motion, however, is untimely made because it was filed more than 14 days—the time period in which to pursue a criminal appeal—after the court's March 10th order was entered. *See*, United States v. Randall, 666 F.3d 1238, 1242 (10th Cir. 2011). Because the motion was not timely made, the court concludes that it lacks authority to address the motion. Consequently, the court concludes the motion should be dismissed.

Accordingly, the "Habeas Corpus for Writ of Mandamus" (doc. no. 114), filed April 28, 2022 by defendant Britt Jarriel Hammons is **DISMISSED**.

IT IS SO ORDERED this 17th day of May, 2022.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

04-0172p027.docx

2