IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Case No. CR-04-172-F |
| ) | |
| BRITT JARRIEL HAMMONS, ) | |
| ) | |
| Defendant. ) | |

## ORDER

On October 21, 2024, the court received and filed a *pro se* motion from defendant Britt Jarriel Hammons seeking a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A). Doc. no. 155. Subsequently, plaintiff United States of America sought additional time to respond to defendant's motion, which the court granted. Doc. no. 158. On November 18, 2024, the government responded in opposition to defendant's motion. Doc. no. 160. After reviewing the parties' submissions and the record, the court denied defendant's motion. The court's order was entered on November 21, 2024. Doc. no. 161.

The court has received from defendant, appearing *pro se*, a document entitled "Writ of Mandamus." The document was filed as a petition for writ of mandamus on January 6, 2025. Doc. no. 163. Defendant requests the court to reduce his sentence on the same basis as previously requested in his motion filed October 21, 2024.

From a review of the document and the record, it is not clear that defendant received the court's November 21, 2024 order before submitting the "Writ of Mandamus." The document mentions the government requesting the extension of time to respond to the motion and the court granting that request. It does not,

however, mention the court's order denying defendant's motion and the reason for that denial.

The record reflects that the court's order denying defendant's motion was mailed to an address previously used by defendant for other post-conviction motions. The order was returned undeliverable on December 26, 2024. The court clerk remailed the order to defendant's current address on that same date. Defendant's *pro se* "Writ of Mandamus" is dated as of January 2, 2025.

To the extent defendant is requesting the court to rule on his motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), the court finds that the request should be denied as moot. The court has in fact ruled on that motion by denying the motion on November 21, 2024.

To the extent defendant is requesting the court to reconsider its order denying defendant's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), the court finds that the request should be denied. Assuming without deciding that defendant's request to reconsider would be timely, *see*, United States v. Randall, 666 F.3d 1238, 1240-41 (10th Cir. 2011) (non-jurisdictional fourteen-day time limit to file motions for reconsider), defendant has not provided any sufficient reason for the court to reconsider its ruling. "A motion to reconsider may be granted when the court has misapprehended the facts, the party's position, or the law." United States v. Christy, 739 F.3d 534, 539 (10th Cir. 2014). "The specific grounds which allow granting such motions include '(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.'" United States v. Warren, 22 F.4th 917, 927 (10th Cir. 2022) (quoting Christy, 739 F.3d at 539). Motions to reconsider "'should not be used to revisit issues already addressed or advance arguments that could have been raised earlier.'" *Id*. Defendant has not demonstrated in his *pro se* "Writ of

Mandamus" that his request to reconsider may be granted under the applicable legal standard.

To the extent defendant is renewing his request for a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), the court finds that defendant's request should be denied for the same reasons stated in the November 21, 2024 order.

Accordingly, the *pro se* "Writ of Mandamus" filed by defendant Britt Jarriel Hammons, docketed as a petition for writ of mandamus (doc. no. 163), is **DENIED** as moot to the extent defendant is requesting the court to rule on his motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A); is **DENIED** to the extent defendant is requesting the court to reconsider its order denying defendant's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A); and is **DENIED** to the extent defendant is renewing his request for a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A).

IT IS SO ORDERED this 7th day of January, 2025.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

04-0172p040.docx